# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| **DESHUN WELLS** | : | **Case No. 1:06 CV 91** |
| **Petitioner,** | : | |
| | : | **JUDGE KATHLEEN O'MALLEY** |
| **v.** | : | |
| **UNITED STATES OF AMERICA** | : | **MEMORANDUM & ORDER** |
| **Respondent.** | : | |

Before the Court is Petitioner Deshun Wells' ("Wells") *Motion to Vacate, Set Aside, or Correct A Sentence and/or Motion for Re-sentencing* ("Motion to Vacate"). (Doc. 1.)  In his Motion to Vacate, Wells seeks relief from his conviction and sentence pursuant to 28 U.S.C. § 2255 and 18 U.S.C. § 3582.[1]  The Defendant, United States of America ("the Government"), has responded to Wells' Motion to Vacate and it is now ripe for adjudication.  For the reasons articulated below, Wells' Motion to Vacate is **DENIED** with respect to all aspects except his request for a reduction in his sentence in light of the recent amendments to the Federal Sentencing Guidelines applicable to offenses involving "crack cocaine" or "cocaine base."

---

[1]  Wells is presently incarcerated in connection with the conviction and sentence he challenges by way of the Motion to Vacate now before the Court.  *See United States v. Wells*, Case No. 1:01cr62-KMO-1.

I.    **BACKGROUND**

The underlying conviction – and resulting sentence – that Wells challenges by way of his Motion to Vacate stems from a two-count indictment returned by a federal grand jury on February 7, 2001.  (*See United States v. Wells*, Case No. 1:01cr62-KMO-1 (hereinafter, "Wells' Criminal Case"), Doc. 2.)  The first Count of the indictment charged Wells with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).  (*Id*.)  Count 2 charged him with possession with intent to distribute approximately 46 grams of cocaine base, or "crack" cocaine, in violation of 21 U.S.C. § 841(a)(1).  (*Id*.)  At his arraignment on February 23, 2001, Wells entered a plea of not guilty to each count of the indictment.  (*Id*., Doc. 7.)

On April 18, 2001, Wells filed a motion to suppress the evidence obtained as a result of the Government's search of his vehicle and his person in connection with Wells' arrest on November 10, 2000.  (*Id*., Doc. 14.)  After briefing and an evidentiary hearing, the Court denied Wells' motion to suppress on June 18, 2001.  (*Id*., Doc. 26.)

On August 8, 2001, Wells withdrew his not guilty pleas, and entered a plea of guilty with respect to each count of the indictment.  (*Id*., Doc. 35.)  On the same day, Wells approved a written plea agreement with the Government.  (*Id*., Doc. 34.)  Subsequently, however, Wells filed a motion for permission to withdraw his guilty pleas; the Government opposed this motion; and the Court set a change-of-plea hearing.  (*Id*., Docs. 39, 41, 42.)  The Court granted Wells' motion for permission to withdraw his guilty plea, and set the case for trial.

After a number of continuances at Wells' request, the case proceeded to trial on January 8, 2002.  (*Id*. Doc. 60.)  The trial concluded on January 11, 2002, when the jury returned a verdict of guilty as to each of the two counts in the indictment.  (*Id*., Doc. 66.)

On March 22, this Court sentenced Wells to a term of imprisonment of 250 months and an eight-year term of supervised release.  (*Id*., Docs. 74.)  The Court's Judgment and Commitment Order issued April 1, 2002.  (*Id*., Doc. 75.)

Wells filed a timely notice of appeal from his conviction and sentence on April 11, 2002. (*Id*., Doc. 76.)  The Sixth Circuit affirmed his conviction and sentence on June 4, 2004.  *United States v. Wells*, 100 Fed. Appx. 440 (6th Cir. 2004).  The Sixth Circuit issued its mandate on June 30, 2004. (*See* Wells' Criminal Case, Doc. 90.)  Wells did not petition the United States Supreme Court for a writ of certiorari following the Sixth Circuit's decision.[2]

Wells filed this *Motion to Vacate, Set Aside or Correct A Sentence, and/or Motion for Re-sentencing* (Doc. 1) on January 10, 2006.[3]  Wells raises numerous grounds for relief in his Motion

---

[2]  Throughout the course of his criminal case and appeal, Wells had several attorneys. First, the Court appointed Attorney Roger Synenberg to represent Wells.  (Wells' Criminal Case, Doc. 10.)  Prior to entering his initial guilty plea, Wells replaced Synenberg with retained counsel, Attorney Jerome Emoff.  After Wells decided to withdraw his guilty pleas, Mr. Emoff filed a motion for leave to withdraw as counsel on October 9, 2001, which the Court granted on October 23, 2001.  (*Id*., Docs. 47-48.)  The Court then appointed Attorney Albert Giuliani to represent Wells at trial.  (*Id*. Doc. 51.)  Mr. Giuliani served as Wells' counsel at trial and throughout the sentencing process.  The Court then appointed Attorney Jaime Serrat to represent Wells for purposes of his appeal.  (*Id*. Doc. 77.)

[3]  Wells signed his Motion to Vacate on January 10, 2006 and it was docketed on January 13, 2006.  (Doc. 1.)  The Government filed its response on February 1, 2006.  (Doc. 4.)  After seeking and receiving an extension of time to file a reply to the Government's response, Wells filed a reply dated March 20, 2006.  (Doc. 6.)  Wells then filed a supplemental brief identifying additional authority.  (Doc. 7.)  On May 12, 2006, the Government filed a response to Wells' reply.  (Doc. 8.)  Wells filed a response to the Government's brief (Doc. 9), followed by three supplemental briefs of his own (Docs. 10-12).  On August 21, 2007, the Court received a letter from Wells dated August 19, 2007.  (Doc. 13.)  In his letter, Wells request leave to file a motion to supplement his Motion to Vacate by adding a claim for a reduction in his sentence in light of the amendments to the Federal Sentencing Guidelines related to crack cocaine.  (*Id*.)  Wells then filed the motion for leave to supplement his Motion to Vacate contemplated in his August 19th letter.  (Doc. 14.)  The motion to supplement is dated November 30, 2007, and was docketed on December 5, 2007.  On July 23, 2008, the Court granted, in part, Wells' request to supplement his Motion to Vacate.  (Doc. 15.)  The Court limited leave to supplement, however, to the issue

to Vacate.  The following is a brief summary of Wells' claims.[4]

Wells argues that the Government failed to properly charge and prove that he possessed crack cocaine (as opposed to some other substance) and that he knowingly possessed a firearm.  He argues that these issues relate to the length of his sentence but were never presented to the jury, and, therefore, should not have been used to enhance his sentence.  He also argues that the Government's drug analysis expert should have been excluded under *Daubert v. Merrill Dow*, 509 U.S. 579 (1993).  Wells also alleges a Sixth Amendment violation related to Attorney Albert Giuliani's representation.  For example, Wells argues that Giuliani failed to adequately investigate mitigating evidence, failed to object to, *e.g.*, the introduction of certain evidence and jury instructions, and did not move for justified downward departures at sentencing.  In addition, Wells argues that his sentence for Count 2 of the indictment, possession with intent to distribute 46 grams of crack cocaine, violates due process in light of the excessive ratio between sentences for offenses involving crack and powder cocaine.  Wells also argues that the Court did not properly instruct the jury with respect to, *e.g.*, possession of a firearm and the definition of "cocaine base."

The procedural history of Wells' claim regarding the sentencing ratio between crack cocaine and powder cocaine warrants further discussion.  Because this claim raises a sentencing issue squarely within the category of cases implicated by the revised Federal Sentencing Guidelines for

---

of Wells' "entitlement to a reduction in sentence under the revised Federal Sentencing Guidelines applicable to offenses involving crack cocaine."  (*Id*.)  Wells filed a response to this motion indicating that his supplemental motion was attached to his motion for leave (Doc. 14).  (Doc. 16.)  Finally, Wells filed a supplemental brief on February 26, 2009.  (Doc. 17.)

[4]  This summary is in no way intended to be exhaustive; it is merely included to provide a general overview of the nature of Wells' claims and allegations.  Because, as discussed below, the Court denies all but one of Wells' claims in his Motion to Vacate on procedural grounds, an exhaustive explication of his claims is not necessary.

offenses involving crack cocaine, Wells revisited it after briefing was complete in this civil case. Wells raised it in this case in his letter to the Court on August 22, 2007 (Doc. 13) and in his related motion for leave to file a supplemental motion to vacate (Doc. 14), which the Court granted on July 23, 2008 (Doc. 15). Wells also raised the issue in his Criminal Case by filing a *Motion for Reduction of Sentence* dated January 2, 2008. (Wells' Criminal Case, Doc. 91.) Wells' *Motion for Reduction of Sentence* in his Criminal Case triggered a response from the Government (*Id.*, Doc. 92) opposing a sentencing reduction. On February 8, 2008, Wells filed a reply in support of his motion. (*Id.*, Doc. 93.) Consequently, two motions to reduce Wells' sentence pursuant to the revised Federal Sentencing Guidelines are now pending. Although the Court will briefly address this aspect of Wells' Motion to Vacate, the Northern District of Ohio has established and followed a particular procedure for such motions in defendants' criminal cases. Accordingly, the Court will fully address this issue in the context of Wells' *Motion for Reduction of Sentence* in his Criminal Case.

## II.     LAW & ANALYSIS

Wells' Motion to Vacate raises two federal statutes: 28 U.S.C. § 2255 and 18 U.S.C. § 3582. The Court will address each in turn, and finds that Wells' claims under each statute are procedurally barred, with the exception of his request for reduction of sentence pursuant to the revised guidelines for offenses involving crack cocaine.

### A.      28 U.S.C. § 2255

Wells challenges his conviction and sentence pursuant to 28 U.S.C. § 2255. Section 2255 provides as follows:

> (a) A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of

the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255. Section 2255 was amended in 1996 by the Antiterrorism and Effective Death Penalty Act ("AEDPA") to include the following statute of limitations for motions filed under § 2255:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
>
>> (1) the date on which the judgment of conviction becomes final;
>> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). The Government argues that Wells' Motion to Vacate is time-barred by the AEDPA statute of limitations. Specifically, the Government contends that § 2255(f)(1) provides the applicable starting point for the one-year statute of limitations, and that Wells filed his Motion to Vacate in excess of one year after that date. Wells opposes this contention, arguing that, even if he filed his Motion to Vacate outside the one-year period under § 2255(f)(1), he is either entitled to a different starting date for the AEDPA statute of limitations under §§ 2255(f)(2)-(4) or entitled to equitable tolling to overcome this deficiency.

### 1.      Wells' Motion to Vacate is Barred Under § 2255(f)(1)

The United States Supreme Court has defined "the date on which the judgment of conviction became final" under § 2255(f)(1) to mean the date on which the defendant's time for filing a petition

-6-

for a writ of certiorari expires. *See Clay v. United States*, 537 U.S. 522, 525 (2003). The Sixth

Circuit affirmed Wells' conviction on June 4, 2004. *United States v. Wells*, 100 Fed. Appx. 440 (6th

Cir. 2004). Wells did not petition the Supreme Court for a writ of certiorari, and his time for doing

so expired 90 days after June 4th, or September 4, 2004. *See Clay*, 537 U.S. at 525. Consequently,

under 28 U.S.C. § 2255(f), Wells had one year from September 4, 2004 to file his Motion to Vacate,

*i.e.*, until September 4, 2005. *See Humphress v. United States*, 398 F.3d 855, 860 (6th Cir. 2005),

*cert. denied*, 126 S.Ct. 199 (2005). In fact, Wells filed this Motion to Vacate on January 10, 2006

– several months after the deadline for filing under § 2255(f)(1) had passed. Therefore, Wells' §

2255 claims are time-barred unless he can make use of one of the other three triggers at § 2255(f)(2)-

(4) or he is entitled to equitable tolling.

### 2. Wells' Cannot Make Use of the Triggers at § 2255(f)(2)-(4)

Wells' claims relate to his criminal trial, and the sentencing process thereafter. Wells does

not argue that § 2255(f)(2) is applicable in this case, nor could he. He does, however, raise §

2255(f)(3) as it relates to challenging his sentence under *United States v. Booker*, 543 U.S. 220

(2005) and obliquely raises § 2255(f)(4), "the date on which the facts supporting the claim or claims

presented could have been discovered through the exercise of due diligence."

### i. Section 2255(f)(3) Does Not Apply Because *Booker* Is Not Retroactively Applicable to Cases on Collateral Review

Wells challenges certain elements of his sentence under *Booker*, 543 U.S. 220 (2005). (Doc.

1 at 8-12.) The Supreme Court decided *Booker* on January 12, 2005, within one year of the date

Wells filed this § 2255 action (January 10, 2006) and after his conviction became final on direct

appeal (September 4, 2004). Because *Booker* was decided during the collateral review of Wells'

conviction and sentence, it only applies in this case if *Booker* is one of the few decisions that have

been held "retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). As the Sixth Circuit confirmed this year, however, *Booker* does <u>not</u> apply retroactively to sentences on collateral review. *Duncan v. United States*, 552 F.3d 442, 447 (6th Cir. 2009). Accordingly, Wells may not use *Booker* to invoke § 2255(f)(3) and that trigger does not apply in this case.[5]

### ii.       Wells Is Not Entitled to the Benefit of § 2255(f)(4)

Under § 2255(f)(4), the one-year statute of limitations begins to run on "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." Wells contends that he was not aware of his claims until February 1, 2005, the date on which he says he learned of the Sixth Circuit's decision affirming his conviction and sentence. He argues that he could not have discovered his claims prior to this date, and, therefore, the statue of limitations began to run on February 1, 2005, not September 4, 2004. In support of this argument, Wells cites *Wims v. United States*, 225 F.3d 186 (2d Cir. 2000) and *Easterwood v. Champion*, 213 F.3d 1321 (10th Cir. 2000). If Wells is correct that § 2255(f)(4) justifies starting the statute of limitations on February 1, 2005, then his Motion to Vacate was timely filed on January 10, 2006.

Section 2255(f)(4) is not applicable in this case, however. Wells' claims relate to his criminal proceedings, including sentencing and appeal; none of his claims arise from conduct or circumstances that occurred after the conclusion of direct review. Wells could have discovered the factual basis of his claims at the time of the proceedings because he was there. Therefore, the date

---

[5] There is no basis to conclude that § 2255(f)(3) is implicated by any of Wells' non-*Booker* claims. Similarly, any arguments under *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and *Blakely v. Washington*, 542 U.S. 296 (2004) were available to Wells prior to the expiration of the AEDPA limitations period (regardless of how it is calculated), and, therefore, do not implicate § 2255(f)(3).

on which he could have discovered the factual basis of his claims is <u>not</u> the date he learned the outcome of his appeal.

*Wims* and *Easterwood* support this conclusion. In *Wims*, Mr. Wims' claim was ineffective assistance of counsel based on trial counsel's failure to timely file an appeal after implying that he would do so in a post-conviction conversation with *Wims*. 225 F.3d at 188. The time for filing an appeal expired, and Mr. Wims did not find out that he had lost his opportunity to appeal until it was too late. Mr. Wims filed a § 2255 motion over a year after the date on which the time period for filing the appeal expired, but within one-year of the date he found out trial counsel had not filed an appeal. *Id.* The Second Circuit held that § 2255(f)(4) provides the applicable trigger for the statute of limitations, and found that the statute began to run on the date Mr. Wims discovered counsel's failure to appeal. The Court reasoned that the factual predicate of Mr. Wims' ineffective assistance of counsel claim was the knowledge that counsel had failed to file an appeal. The case at bar is distinguishable because the factual predicate of Wells' claims is not connected to his knowledge of the outcome of his appeal.

Likewise, in *Easterwood*, the issue was whether Mr. Easterwood was diligent in discovering the factual predicate of his claims. 213 F.3d at 1323. Mr. Easterwood stood trial for murder in 1979. At trial, he presented an insanity defense. The state called a single expert, a doctor who testified that, in his expert opinion, Mr. Easterwood was not insane. Years later, on April 10, 1997, the Tenth Circuit issued an opinion discussing the fact that the expert-doctor who testified for the state in Mr. Easterwood's murder trial had been suffering from severe bipolar disorder sufficient to distort his judgment in 1979. Mr. Easterwood did not discover the Tenth Circuit's opinion until August 19, 1998. While the petitioner argued that the analog to § 2255(f)(4) established the date the decision

-9-

became available in the prison law library – July 15, 1997 – as the beginning of the one-year statute of limitations period, the government argued that the factual predicate could have been discovered on the day the Tenth Circuit issued the opinion, April 10, 1997. The Tenth Circuit agreed with Mr. Easterwood, reasoning that the factual predicate of his claim could have been discovered through the exercise of due diligence only when it became available to Mr. Easterwood in the prison law library. *Easterwood*, 213 F.3d at 1323. Again, the <u>claim</u> in *Easterwood* is clearly distinguishable from Wells' claims because the factual predicate of Mr. Easterwood's claim was only discoverable after the trial was concluded and the expert-doctor was diagnosed with severe bipolar disease. In contrast, the factual predicate of Wells' claims was not affected by his knowledge of the Sixth Circuit's decision on his appeal.

### 3. Equitable Tolling

Wells also asserts that he is entitled to equitably toll the time period between the date his conviction became final on direct review (September 4, 2004), and the date he discovered the outcome of his appeal in the Sixth Circuit (February 1, 2005). Wells argues, generally, that the time during which he was unaware the AEDPA limitations clock was running should not be counted against him; *i.e.*, it should be equitably tolled. His Motion to Vacate would be timely under § 2255(f)(1) if this time is subject to equitable tolling. Equitable tolling is not appropriate in this case, however.

Equitable tolling is available to § 2255 petitioners, *see Dunlap v. United States*, 250 F.3d 1001, 1004 (6th Cir. 2001), but the Sixth Circuit has specifically stated that it should be "used sparingly." *Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003). To shoulder his burden with respect to equitable tolling, Wells must satisfy a five-factor test. *See id.* at 643. The five factors are:

(1) Wells' lack of notice of the filing requirement;
(2) Wells' lack of constructive knowledge of the filing requirement;
(3) Whether Wells was diligent in pursuing his rights;
(4) Absence of prejudice to the Government; and
(5) Wells' reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Dunlap*, 250 F.3d at 1008.

Wells does not even allege that he was unaware of the filing requirements.  Therefore, the first two factors and the fifth factor weigh heavily against equitable tolling.  The third factor – diligence – does not favor Wells' either.  Indeed, the glaring problem with Wells' equitable tolling argument is that, even accepting that he could not begin preparing his § 2255 petition until February of 2005, he still had over seven months to timely file.[6]  In fact, the "Chronology of Events" <u>Wells</u> attached to his response brief illustrates that he had ample time to prepare his petition and file it prior to September 4, 2005. (*See* Doc. 6 at 17.)  For example, it took him approximately three months to file a FOIA request, five months to request transcripts,  and seven months to request a copy of the arrest warrant and criminal complaint.  (*Id*.)  While the Court acknowledges Wells' *pro se* status, equitable tolling requires a higher degree of diligence than Wells displayed. *See Young v. Davis*, 554 F.3d 1254, 1258 (10th Cir. 2009) ("[Petitioner] fails to explain how his lack of access to a law library during this six-month period prevented him from timely filing his complaint eighteen months later, before the statute of limitations expired . . . .  He has not shown that he pursued his claims with reasonable diligence and therefore is not entitled to equitable tolling."); *McClendon v. Sherman*, 329 F.3d 490 (6th Cir. 2003); *cf. Miller v. Collins*, 305 F.3d 491, 495-96 (6th Cir. 2002) (finding equitable

_____

[6]  Unlike 28 U.S.C. § 2255(f)(2)-(4), equitable tolling does not alter the opening date of the limitations period. *See Wims*, 225 F.3d at 189-90.  Instead, it tolls time within the limitations period. *Id*.  Therefore, it is not improper to analyze whether Wells had sufficient time to file his § 2255 petition assuming *arguendo* that the time between September 4, 2004 and February 1, 2005 was equitably tolled.

-11-

tolling appropriate where petitioner was diligent before and after receiving notice).  Finally, the fourth factor does not strongly favor either party.  Given that the clear weight of the factors favors the Government, equitable tolling is not appropriate in this case.

### 4.  Wells' § 2255 Claims are Dismissed As Time-Barred

Accordingly, the Court finds that 28 U.S.C. § 2255(f)(2)-(4) do not apply in this case. Further, Wells is not entitled to equitable tolling.  Therefore, § 2255(f)(1) provides the applicable statute of limitations, and, as discussed above, Wells failed to timely file his Motion to Vacate pursuant to that statute.  Wells' § 2255 claims are hereby **DISMISSED** as time-barred.  28 U.S.C. § 2255(f)(1).

### B.  18 U.S.C. § 3582

Wells also invokes 18 U.S.C. § 3582 as a basis for the Court to re-sentence him due to changes in the Federal Sentencing Guidelines.  A district court may not re-sentence a criminal defendant at will.  *See United States v. Martin*, 913 F.2d 1172, 1175 (6th Cir. 1990).  Section 3582(c) describes the circumstances in which re-sentencing is permitted:

(c) Modification of an imposed term of imprisonment.--The court may not modify a term of imprisonment once it has been imposed except that--

(1) in any case--

(A) the court, upon motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
. . .

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and

> (B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; and
>
> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c).

Section 3582(c)(1)(A) is not applicable because the Bureau of Prisons is not requesting a sentence reduction, Wells is.

Section 3582(c)(1)(B) is not applicable because there is no statute providing the relief Wells requests and because Rule 35 of the Federal Rules of Civil Procedure does not apply in this case, where _years_ passed between the time Wells was sentenced and the filing of this Motion to Vacate, and where the Government is not requesting a reduction for substantial assistance.[7]  _See_ Fed. R. Crim. P. 35.

Section 3582(c)(2) _does_ apply to Wells' request for a reduction in his sentence in light of the revised Federal Sentencing Guidelines for offenses involving crack cocaine.  In fact, § 3582(c)(2) is the basis of the Northern District of Ohio's standing order in such cases.  That standing order states:

> Upon motion of the defendant . . . under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission

---

[7]  In fact, the Government had negotiated a plea agreement with Wells, including a concession for substantial assistance, but Wells decided to forgo the plea agreement, withdraw his guilty plea, and take his case to trial.

pursuant to 28 U.S.C. § 994(u) . . . .

*See*, *e.g.*, *United States v. Black*, Case No. 1:01cr337-KMO, Doc. 42.  Accordingly, the Court

**GRANTS** Wells' request for a sentence reduction based on Amendment 706 to the Federal

Sentencing Guidelines for offenses involving crack cocaine.  The Court will fully address this issue

in the context of Wells' *Motion for Reduction of Sentence* in his Criminal Case.  (*See* Wells'

Criminal Case, Doc. 91.)

Section 3582(c)(2) does <u>not</u> permit the Court to revisit any other aspects of Wells' sentence,

however.  Although his arguments are somewhat difficult to follow, it appears that Wells is also

arguing that the Court should reduce his sentence pursuant to several other amendments to the

Federal Sentencing Guidelines including Amendments 500, 507, 518, 599, and 709.  As expressly

stated in the statute, the Court may only reduce a criminal defendant's sentence pursuant to §

3582(c)(2) "if such a reduction is consistent with applicable policy statements issued by the

Sentencing Commission." 18 U.S.C. § 3582(c)(2); *see also Braxton v. United States*, 500 U.S. 344,

348 (1991).  The Sentencing Commission's policy statements associated with Section 1B1.10

instruct that "the court . . . shall substitute only the amendments listed in subsection (c) for the

corresponding guideline provisions that were applied when the defendant was sentenced and shall

leave all other guideline application decisions unaffected."  U.S.S.G. § 1B1.10(b)(1).  Section

1B1.10(c) does not list Amendments 500, 507, 518, or 709.  U.S.S.G. § 1B1.10(c).[8]  Therefore, even

if his arguments under those Amendments were persuasive, the Court cannot re-sentence him under

§ 3582(c)(2) by virtue of those Amendments.  *See* 28 U.S.C. § 994(u).  Additionally, § 3582(c)(2)

_____

[8]  Wells argues that the Amendments he raises are "clarifying" Amendments, and, therefore, may be considered under 18 § 3582(c)(2) even if not listed in U.S.S.G. § 1B1.10(c). This contention is simply wrong. *See United States v. Armstrong*, 347 F.3d 905, 909 (11th Cir. 2003) (citing *United States v. Dullen*, 15 F.3d 68, 70-71 (6th Cir.1994)).

does not permit the Court to resentence a criminal defendant *de novo*. *See United States v. Cothran*, 106 F.3d 1560, 1562 (11th Cir. 1997). Instead, it is a "narrow exception to the rule that final judgments are not to be modified." *United States v. Armstrong*, 347 F.3d 905, 909 (11th Cir. 2003).

Amendment 599 is listed in § 1B1.10(c), however, it was enacted in 2000 – prior to Wells' sentencing in 2002. It is not "a guideline sentencing range that has subsequently been lowered" after Wells was sentenced in 2002. Again, interpreting the mere existence of an amendment to the Sentencing Guidelines as a license to completely reevaluate a sentence is a gross misconception of the purpose of § 3582(c)(2). *See United States v. Hasan*, 245 F.3d 682, 685-86 (8th Cir. 2001) (*en banc*).

Finally, 18 U.S.C. § 3582 <u>permits</u> the Court to reduce a sentence when the prerequisites to the statute are satisfied, but it also expressly instructs the Court to consider the applicable sentencing factors set forth at 18 U.S.C. § 3553(a): "[T]he court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Likewise, § 1B1.10 states that "the court <u>shall</u> consider the factors set forth in 18 U.S.C. § 3553(a) in determining . . . whether a reduction in the defendant's term of imprisonment is warranted." U.S.S.G. § 1B1.10 (emphasis added). In sum, a reduction in sentence pursuant to § 3582(c)(2) is not automatic and is within the discretion of the district court. *See United States v. Vautier*, 144 F.3d 756, 760 (11th Cir. 1998).

This Court's unambiguous discretion to find a request for a reduction in sentence inappropriate based on the factors set forth in § 3553(a) is particularly noteworthy in this case. In sentencing Wells to 250 months in custody, the Court specifically noted that the circumstances of

this case warrant a sentence at the high end of the guidelines range.  For example, Wells' criminal history is remarkable – he has amassed 21 criminal history points, far exceeding the 13 points necessary to qualify for the highest criminal history category short of career offender status.  As the Court noted at the sentencing hearing, this case offers "few mitigating circumstances" and several "aggravating circumstances."  Accordingly, even if Wells qualified for a reduction in sentence under any Amendment other than 706, the Court would not further reduce his sentence.  More poignantly, the Court would be justified in denying Wells' request for a reduction under Amendment 706 as well.  The Court's decision to afford Wells the benefit of Amendment 706 is due to its ongoing interest in promoting a more fair and just sentencing regime for offenses involving crack cocaine, not the belief that Wells deserves a less severe sentence.

### III.   CONCLUSION

For the foregoing reasons, *Wells' Motion to Vacate, Set Aside, or Correct A Sentence and/or Motion for Re-sentencing* (Doc. 1) is **DENIED** in all respects, except to the extent that it requests a reduction of his sentence pursuant to the revised Federal Sentencing Guidelines for offenses involving "crack cocaine" or "cocaine base."  The Court will fully address this issue in its resolution of Wells' *Motion for Reduction of Sentence* in the underlying criminal case, *United States v. Wells*, Case No. 1:01cr62, Doc. 91.


**IT IS SO ORDERED.**

                                        s/Kathleen M. O'Malley
                                        **KATHLEEN McDONALD O'MALLEY**
                                        **UNITED STATES DISTRICT JUDGE**


**Dated: March 23, 2009**

-16-