ADAMS, J.

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| DESHUN WELLS, ) | CASE NO.   1:06CV91 |
| ) | 1:01CR62 |
| Petitioner, ) | |
| ) | JUDGE JOHN R. ADAMS |
| v. ) | |
| ) | <u>ORDER</u> |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

This matter appears before the Court on a motion for leave to file an appeal (Doc. 20) filed by Petitioner Deshun Wells.   The motion is DENIED.

On March 23, 2009, the previously-assigned District Judge denied Wells' motion to vacate, set aside, or correct his sentence. Doc. 18.  Nearly 18 months later, Wells filed the instant motion.  Wells asserts that he never received a copy of the order denying his motion and therefore should be given an opportunity to appeal.  On January 26, 2011, the matter was reassigned to the undersigned.   The motion is now resolved.

"[C]ourts of appeals have uniformly held that Rule 4(a)(6)'s 180-day period for filing a motion to reopen is [] mandatory and not susceptible to equitable modification."  *Bowles v. Russell*, 551 U.S. 205, 207-08 (2007).

> Although several of our recent decisions have undertaken to clarify the distinction between claims-processing rules and jurisdictional rules, none of them calls into question our longstanding treatment of statutory time limits for taking an appeal as jurisdictional. Indeed, those decisions have also recognized the jurisdictional significance of the fact that a time limitation is set forth in a statute.

*Id.* at 210.  The *Bowles* Court then went on to reject any equitable exception to this rule.  *Id.* at 214.  Accordingly, Wells may not rely upon any provision of Fed. R. Civ. P. 60(b) to support his argument.  As Wells' request was made well outside the 180 day limit contained in 28 U.S.C. § 2107(c) (and carried into practice by Fed. App. R. 4(a)(6)), his motion cannot be granted.

Based upon the above, the Court finds that Wells has failed to demonstrate that he is entitled to relief.  Accordingly, his motion is DENIED.  Pursuant to 28 U.S.C § 1915(a)(3), the Court certifies that Petitioner may not take an appeal from the Court's decision in good faith, and that there is no basis upon which to issue a certificate of appealability.  28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

IT IS SO ORDERED.


 April 20, 2011                                       /s/  *John R. Adams*
Date                                                     John R. Adams
                                                         U.S. District Judge

3